Francis J. Donovan, J.
This" is an application for a default money judgment in a summary proceeding for nonpayment of rent.
The notice and petition were served by delivery to an authorized member of the staff of the Secretary of State in Albany.
The question comes: Is petitioner limited to a judgment for possession as an in rem proceeding, or may we grant an in personam money judgment?
The difference between the in rem and in personam jurisdiction was established by judicial interpretation under the Civil Practice Act. (Matter of McDonald, 225 App. Div. 403.)
The same principle was applied in construing the successor statute, the Real Property Actions and Proceedings Law (Wayside Homes v. Upton, 40 Misc 2d 1087).
Tn April of 1965 the Appellate Division, Second Department, reversing an Appellate Term order, held that a default money *843 judgment should be granted where .substituted service in the summary proceeding was made pursuant to a court order which accorded with those sections of the former Civil Practice Act which governed in personam jurisdiction in actions. (Callen v. De Koninck, 23 A D 2d 757.)
Substituted service pursuant to CPLE 308 in the case of an individual is personal service. The statute so defines it.
In its original form, section 735 of the Eeal Property Actions and Proceedings Law, provided that “ service [should] be made in the same manner as personal service of a summons in an action ”.
When the statute was in this condition, substituted service under CPLE 308 would be personal service and would seem to support the in personam jurisdiction necessary for a default money judgment in a summary proceeding.
Petitioner urges with sufficient authority that service on the Secretary of State is personal service. We agree and there would be no need for discussion were it not for the fact that section 735 was amended in 1965, to delete the reference to personal service in an action and substitute “ by * * * delivering them to the respondent ’ ’.
To qualify for a default judgment for rent, the service must now meet two conditions:
1. It must comply with section 735 of the Eeal Property Actions and Proceedings Law. If it fails to comply with that section, we have no jurisdiction over any portion of the proceeding, whether in rem or in personam.
2. At the same time it must comply with the minimum for in personam jurisdiction in an action.
In this case of an individual this means delivery to the person himself; no other type of .service will suffice.
In the case of a corporation, delivery might be to an officer enumerated in subdivision 1 of CPLE 311 or any other agent authorized by law to receive service.
The analogy is easily drawn between^ delivery to an individual and delivery to a corporation through an officer. Prompt notice is usually given to the tenant. Delivery to the Secretary of State brings a little hesitation because of the problem of time lapse between delivery to the Secretary and receipt of the copy he mails to the corporation. Ultimately the summons is mailed rather than delivered to the corporation’s office.
Under the circumstances we conclude:
1. Delivery to an agent of the corporation (here the Secretary of State) is delivery to the respondent corporation.
*844 2. Such delivery complies with the two conditions necessary tó authorize an in personam judgment on default.
3. Any problem that may arise because of failure or delay in receiving notice because of the intervening of problems in the mailing or receipt by the addressee of the letter from the Secretary of State would not affect jurisdiction. Such matters would be properly before the court on a motion to vacate the default judgment.
Service was completed by the delivery to the Secretary (Business Corporation Law, § 306).
Judgment may be entered for the rent arrears set forth in the petition.