OPINION OF THE COURT
Alexander W. Kramer, J.
This proceeding has been instituted pursuant to the Real Property Actions and Proceedings Law. The petition herein was dated and verified on May 23, 1978; the notice of petition was dated May 23, 1978. The chronological history of this case is on file with the court.
Service of a copy of the petition and notice of the petition was allegedly made upon the Secretary of State on May 26, *109 1978, in accordance with section 306 of the Business Corporation Law — the respondent herein being a domestic corporation.
The initial thrust of respondent’s motion is for dismissal predicated upon the lack of jurisdiction. The court will direct its attention, therefore, to that phase of the motion.
This is a proceeding brought pursuant to article 7 of the Real Property Actions and Proceedings Law. Said article 7 replaced article 83 of the Civil Practice Act; it became effective on September 1, 1963. It was designed to streamline the general, broad field of summary proceedings.
Summary proceedings are what the name implies. They are statutory devices by which jurisdiction may be acquired quickly; by which resolutions of issues can be arrived at expediently; and by means of which — in the normal course of events — long delays may be circumvented. In order to implement the provisions thereof, the provisions of the statute must be followed.
Section 735 of the Real Property Actions and Proceedings Law initially provided that: "Service of the notice of petition and petition shall be made in the same manner as personal service of a summons in an action”.
In apparent reliance upon that phraseology the petitioner herein elected to effect service on the respondent, a domestic corporation, by serving the Secretary of State. The attorney contends that such service constitutes valid service. He relies on subdivision (b) of section 306 of the Business Corporation Law, contending that service was complete when copies of the process herein were delivered and left with a person authorized by the Secretary of State to receive such service.
Furthermore, reliance for the proposition that jurisdiction rested in this court is placed upon a finding in a summary proceeding matter which was determined by one of our sister courts, viz., the District Court of Nassau County. (Leven v Browne’s Business School, 71 Misc 2d 842.)
That was an uncontested proceeding. Copies of the notice and petition had been served by delivery to an authorized member of the staff of the Secretary of State in Albany. The court was aware of the impact which followed the amendment of section 735 of the Real Property Actions and Proceedings Law as per the session laws of 1965. As so amended the statute provided, inter alia, for "Service of the notice of *110 petition and petition * * * by personally delivering them to the respondent”, etc.
The Leven opinion demonstrates that the court struggled with the question of proper notice. It observed (p 843): "The analogy is easily drawn between delivery to an individual and delivery to a corporation through an officer. Prompt notice is usually given to the tenant. Delivery to the Secretary of State brings a little hesitation because of the problem of time lapse between delivery to the Secretary and receipt of the copy he mails to the corporation. Ultimately the summons is mailed rather than delivered to the corporation’s office.”
The court then went on to conclude (p 844): "Any problem that may arise because of failure or delay in receiving notice because of the intervening of problems in the mailing or receipt by the addressee of the letter from the Secretary of State would not affect jurisdiction. Such matters would be properly before the court on a motion to vacate the default judgment.”
The rationale thus expressed hardly seems the proper balm for a wound, the infliction of which should not have been tolerated in the first place.
The question of jurisdiction is rooted in concepts of fair play and adequacy of notice — in short — due process. That distinguished jurist, Oliver Wendel Holmes, observed: "Whatever disagreement there may be as to the scope of the phrase 'due process of law,’ there can be no doubt that it embraces the fundamental conception of a fair trial, with opportunity to be heard.” (Frank v Mangum, 237 US 309, 347.)
And Mr. Justice Robert H. Jackson observed: "Procedural fairness, if not all that originally was meant by due process of law, is at least what it most uncompromisingly requires. Procedural due process is more elemental and less flexible than substantive due process. It yields less to the times, varies less with conditions, and defers much less to legislative judgment. Insofar as it is technical law, it must be a specialized responsibility within the competence of the judiciary on which they do not bend before political branches of the Government, as they should on matters of policy which comprise substantive law.” (Shaughnessy v Mezei 345 US 206, 224.)
Were this an action at law; were this a proceeding for the recovery of money only, jurisdiction could only have been obtained in accordance with the provisions of the Uniform *111 District Court Act — read in conjunction with the Business Corporation Law.
Where service is effected by the personal delivery of process to the defendant, the defendant has 10 days within which to appear or answer.
"If the summons is served:
"(1) by delivery to a person, including an actual or statutory designee, other than the defendant; or
"(2) outside the county; or
"(3) by publication; or
"(4) by any means other than personal delivery to the defendant within the county,
"it shall provide that the defendant must appear and answer within thirty days after proof of service is ñled with the clerk. ” (UDCA, § 402; emphasis supplied.)
Section 735 of the Real Property Actions and Proceedings Law as amended in 1965 calls for service by "personally delivering” to the respondent.
In both instances the crux of the technique of service is the personal delivery to the defendant or the respondent as the case may be.
We have searched long and assiduously in an effort to ascertain what the legislative intent was when section 735 of the Real Property Actions and Proceedings Law was amended in 1965. We have found nothing.
Therefore, we are constrained to conclude that the effect of the amendment was to clarify any ambiguities which may have attached by the earlier statutory enactment.
Certainly as far as possession is concerned, absent the ability for personal delivery of process, jurisdiction can be obtained by means of the alternative procedures.
Insofar as jurisdiction for the recovery of money only is concerned, resort may be had to section 306 of the Business Corporation Law, in conjunction however with the provisions of section 402 of the UDCA.
To the extent herein indicated this court cannot concur in the conclusions reached by the learned jurist in Leven.
Finally, the position taken by petitioner is a highly technical one. Counsel, in contending that jurisdiction has vested, relies on section 735 of the Real Property Actions and Pro *112 ceedings Law and section 306 of the Business Corporation Law.
Section 735 of the Real Property Actions and Proceedings Law speaks of service of the notice of petition and petition. Therefore, to show compliance with requirements of service, the proof offered by petitioner should show that copies of the notice of petition and petition were left with the proper statutory designated agent. The proof of service filed herein indicates that: "On May 26, 1978, deponent served the annexed summons with notice”, etc.
While this phase of these findings may seem rooted in matters technical and, perhaps, of form over matter, the fact remains that petitioner is proceeding in a very technical manner. Indeed, petitioner’s attorney has argued upon all occasions that he could be heard for the proposition that the respondent was in default because no answer had been interposed between the date of alleged service and the return date, and that therefore judgment by default should be granted.
There is an old biblical and literary adage: he who lives by the sword must perish by the sword.
For the foregoing reasons respondent’s motion to dismiss for lack of jurisdiction must be granted.
Consideration of the other grounds set forth in the motion would be academic.
Proof of service of a copy of a summons with notice does not equate to proof of a service of copies of the petition and notice of petition.
For the foregoing reasons, respondent’s motion to dismiss for lack of jurisdiction must be granted.
The court does not — at this time — pass upon the merits of the other grounds raised in the moving papers.