OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The lease contains four printed provisions referring to the "Landlord or Landlord’s agent,” but in its default provision refers only to "the Landlord serving a written five (5) days’ notice upon Tenant” to be followed by "Landlord [serving] a written three (3) days’ notice of cancellation”. Its printed provisions defined the term "Landlord” to mean "only the owner, or mortgagee in possession, for the time being”. It also contained a rider consisting of 44 typewritten paragraphs, three of which referred to a named attorney as escrowee, but none of which specified that notice of default or of termination *794 which, as noted, was to be given by the landlord, could be given by the landlord’s agent or by an attorney, or otherwise modified the printed definition of the term "Landlord.”
Under such a lease notices of default and of termination signed not by the owner or the attorney named in the lease, but by another attorney with whom the tenant had never previously dealt, were insufficient and the tenant was entitled to ignore them as not in compliance with the lease provisions concerning notice (cf. Mann Theatres Corp. v Mid-Island Shopping Plaza Co., 94 AD2d 466, 474; see, Reeder v Sayre, 70 NY 180, 188).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.