■ ANNA RASCHEL, Also Known as ANNEMARIE RASCHEL, Appellant-Respondent, v BENITO RISH, Respondent-Appellant, et al., Defendant.—Order unanimously modified, on the law, to grant defendant's motion dismissing complaint and, as modified, affirmed, without costs. Memorandum: We agree with Special Term that personal jurisdiction over separate defendants may not be obtained by service of a single summons on a person who qualifies as a representative of a corporation pursuant to CPLR 311 (1) and as a person of suitable age and discretion at a natural person's actual place of business under CPLR 308 (2). Such service cannot be deemed to be " 'reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action' " *(Bossuk v Steinberg,* 58 NY2d 916, 918-919, quoting *Mullane v Central Hanover Trust Co.,* 339 US 306, 314). A copy of process for each defendant is vital to accomplish the statutory aim of affording notice of the impending action.

However, Special Term erred in holding that service of process on defendant Yonkers Professional Hospital in February 1980 tolled the Statute of Limitations as to defendant Rish because they were "united in interest" under CPLR 203 (b). In order to determine whether defendants are united in interest, both the jural relationship of the parties whose interests are said to be united and the nature of the claim asserted against them by the plaintiff must be examined *(Connell v Hayden,* 83 AD2d 30, 42-43; *see, Capital Dimensions v Oberman Co.,* 104 AD2d 432, 433). In an action to recover for the torts of negligence or malpractice the defenses available to two defendants will be identical, and thus their interest will be united, only where one is vicariously liable for the acts of the other *(Connell v Hayden, supra,* at p 45; *see also, D'Andria v County of Suffolk,* 112 AD2d 397, 398-399). The existence of unity of interest is a question of law, not of fact *(see, Scheff v St. John's Episcopal Hosp.,* 115 AD2d 532), and may not be determined by virtue of the allegations of a pleading. On a previous appeal in this case we dismissed the vicarious liability claims against Yonkers, holding that a physician's involvement as a director or stockholder of a hospital does not supply any inference that the hospital controlled or supervised his private practice and that the defendant Yonkers "cannot be held vicariously liable under the doctrine of respondeat supe-

rior" *(Raschel v Rish,* 110 AD2d 1067, 1068, *appeal dismissed* 65 NY2d 923). Under the law of the case defendant Yonkers is not vicariously liable for defendant Rish's alleged malpractice and, since there was never a unity of interest, the Statute of Limitations was not tolled and the 1984 service of process on Rish was untimely. (Appeals from order of Supreme Court, Monroe County, Pine, J.—renew/reargue.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.