OPINION OF THE COURT
Richard S. Lane, J.
Respondent cross-moves to dismiss on the ground that the 30-day notice to terminate was signed not by petitioners but by petitioners’ attorney. The motion is granted.
*669 Since the Court of Appeals affirmance in Siegel v Kentucky Fried Chicken (67 NY2d 792), it has become accepted that a notice of termination pursuant to lease signed by an agent is ineffective unless accompanied by evidence of the agent’s authority to act; see prior authorities collected in 615 Co. v Mikeska (NYLJ, Apr. 1, 1986, p 7, col 1). Petitioner argues that these authorities are inapposite since the notice to terminate the month-to-month tenancy here was given pursuant to Real Property Law § 232-a, which specifically allows notice by "the landlord or his agent”.
In support of this dichotomy, petitioner cites Mann Theatres Corp. v Mid-Island Shopping Plaza Co. (94 AD2d 466, 474, affd on other grounds 62 NY2d 930), 437 Palisades Ave. Realty Corp. v Boyd (118 Misc 2d 577, 585) and Adina 74 Realty Corp. v Hudson (104 Misc 2d 634, 637). The first two fall within the exception to the Siegel v Kentucky Fried Chicken rule carved out in Rogers v New York Tel. Co. (74 AD2d 526 [1st Dept 1980]) where tenant knew or should have known of the agent’s authority to act. In the third, however, my esteemed former colleague, Judge Bruce McM. Wright, clearly adopts petitioner’s position.
I decline to follow Judge Wright. He overlooked, in my opinion, hornbook law or principal and agent that the agent’s authority may not be proven out of the mouth of the agent (2 NY Jur 2d, Agency, §§ 18, 25). Accordingly, the statement of the signer of the notice that he is attorney for landlord is inadequate. My underlying rationale as I expressed in 615 Co. v Mikeska (supra) is that tenant, with a relatively short time to act, is entitled to assurance that it really is his landlord who is terminating the tenancy. As stated simply but eloquently by the Court of Appeals in Reeder v Sayre (70 NY 180, 187-188): "The tenant is to act upon the notice at the time it is given; hence it ought to be such a one as he can act upon with safety.”
That the Legislature codified, in Real Property Law § 232-a, the common law that a landlord like anyone else can act through an agent does not change these basic principles. The Siegel v Kentucky Fried Chicken rule does not preclude a notice to terminate signed by an agent; it merely renders it ineffective unless the agent’s authority is shown. The same is true of a section 232-a notice.
I am pleased to learn that my colleague, Judge Diane Lebedeff, has reached the same result in an unpublished *670 decision although she did not articulate her reasoning (Friedland, v Zannieri, L&T index No. 50620/86, July 2, 1986).
This determination renders it unnecessary to reach the disputed issue of residential occupancy nor the other issues raised by petitioners’ motion to strike jury demand, sever counterclaims, and for summary judgment, which motion is denied.