OPINION OF THE COURT
Bernard Fuchs, J.
After a traverse hearing in this nonpayment proceeding, the *282 court finds that petitioner delivered a single copy of the three-day notice and thereafter a single copy (or the original) of the petition and notice of petition to the manager (on each occasion) of the theatre which is the property in question. The court also finds that, within one day after each such delivery, petitioner mailed a copy of the same paper to each respondent by certified mail and by regular first class mail.
Respondents contend that the court has no jurisdiction because there are two of them and only a single specimen of the three-day notice and the petition and notice of petition were delivered to the theatre manager. Delivery was made to him as a "person of suitable age and discretion * * * employed at the property sought to be recovered” (RPAPL 735).
The petition designates respondent 156 Building Corp. as the tenant and respondent Cine 42nd Street Theater Corp. as the undertenant. Petitioner asserts, nevertheless, that in fact the latter respondent is an assignee of the former and that the two respondents have a common ownership and management. No evidence of those facts has been presented, however, and the court must decline to find them.
Raschel v Rish (120 AD2d 945 [4th Dept 1986]) held that "personal jurisdiction over separate defendants may not be obtained by service of a single summons on * * * a person of suitable age and discretion * * * under CPLR 308 (2).” The pertinent language of that statute and RPAPL 735 is the same.
If the unity of interest of respondents which petitioner argues for were established by evidence it would, perhaps, be immaterial which respondent employed the theatre manager. For that service would be " ' "reasonably calculated * * * to apprise [the] interested part[y] of the * * * action” ’ ” as Raschel v Rish (supra, p 945) requires. (See, Port Chester Elec. Co. v Ronbed Corp., 28 AD2d 1008 [2d Dept 1967] [delivery of one copy of summons to corporate offices sufficient to serve both officer and corporation]; see also, Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551 [2d Dept 1984].) Absent such unity of interest, the doctrine of Raschel v Rish is inescapable.
Petitioner argues that delivery to the theatre manager had to be sufficient as to at least one respondent because one of them was in possession of the property and it is reasonable to *283 expect the manager to be answerable to that party. Unfortunately, the evidence does not disclose which respondent was in possession. (Cf. Ilfin Co. v Benec Indus., 114 Misc 2d 411 [Civ Ct, NY County 1982]; McDonald v Ames Supply Co., 22 NY2d 111 [1968].)
Traverse sustained. Petition dismissed.