OPINION OF THE COURT
Sidney Rosen, J.
Respondent moves to dismiss this holdover proceeding and alleges that the court does not have subject matter jurisdiction by virtue of the fact that the notice to quit served upon the respondent is defective.
Relying on the Court of Appeals decision in the case of Siegel v Kentucky Fried Chicken (67 NY2d 792) the respondent *756 contends that the notice signed by Stewart Alpert, general partner, is inadequate. Counsel for respondent maintains that it was necessary to annex to the notice proof that petitioner is a partnership and that the signatory of the notice was a partner with authority to bind the petitioner.
Respondent’s reliance upon the Siegel case (supra) is misplaced. That case, as well as the numerous decisions subsequently rendered in which Siegel was cited, involved notices signed by an attorney. Viewed in its proper light, the Siegel case stands for the principle that a notice of termination signed by an agent or an attorney not named in the lease as authorized to act for the landlord in such matters, and which is not authenticated or accompanied by proof of the latter’s authority to bind the landlord in the giving of such notice, is legally insufficient to terminate the tenancy. The significant language of the decision is at page 794: "Under such a lease notices of default and of termination signed not by the owner or the attorney named in the lease, but by another attorney with whom the tenant had never previously dealt, were insufficient and the tenant was entitled to ignore them as not in compliance with the lease provisions concerning notice” (emphasis mine).
Thus, in order to avoid putting a tenant at risk to decide that the notice is from a person authorized to act, the courts require that notices signed by attorneys be accompanied by proof of "requisite authority” to act.
Where, however, a notice of termination is signed by an owner, the notice, on its face, is sufficient to communicate to the tenant that it is an official and authoritative act of such owner. In the case at bar, the notice is signed by an individual whose title as general partner is specifically set forth. A partnership is a legal entity that can function only through the acts of the individuals who comprise its membership. In signing the notice to quit in his capacity as a general partner, Alpert, by operation of law, is authorized to act on behalf of and to bind the partnership owner of the premises.
Section 20 (1) of the Partnership Law provides as follows: "Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for *757 the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority”.
Respondent’s claim that the failure to annex to the notice a copy of the partnership agreement, or a copy of its business certificate or proof of Alpert’s membership in the partnership renders the notice defective is untenable. Whether the petitioner is, in fact, a partnership and whether Alpert is a general partner are matters to be proven upon the trial of this proceeding.
The motion of the respondent to dismiss this proceeding is, accordingly, denied.