OPINION OF THE COURT
Lewis R. Friedman, J.
In this commercial holdover proceeding respondent moves to dismiss asserting lack of personal jurisdiction, a defective notice to quit, and a prior action pending between the parties; respondent also seeks discovery. Petitioner cross-moves to dismiss the counterclaims. The motion to dismiss for lack of personal jurisdiction presents an important question that has not been explicitly resolved in the reported cases: whether service on a corporate tenant must comply with CPLR 311, the general provision for service on corporations, as well as RPAPL 735, the service provision for summary dispossess proceedings.
The material facts are not in dispute: the petitioner’s process server left a copy of the petition and notice of petition with one of respondent’s employees working at the subject premises. The person served is not an officer or other person specifically authorized under CPLR 311 to accept service. Appropriate mailings were done.
In pertinent part RPAPL 735 provides: "Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it”. The service here concededly meets that requirement.
In Grabino v Howard Stores Corp. (111 Misc 2d 54) the court held that the person "employed at the property sought to be recovered” should be interpreted in light of CPLR 311 which authorizes "personal service” on a corporation only by delivery to a specified list of corporate officials. This court finds that in light of the history of RPAPL 735 the discussion in Grabino of CPLR 311 is inapposite to a proceeding under RPAPL article 7.
RPAPL 735 originally required service "in the same manner as personal service of a summons in an action”. In 1965 the Legislature deleted that language and substituted "personal *407 delivery”. (L 1965, ch 910, § 7.) The revision of RPAPL 735 created a complete regime for the service of process, unrelated to the service provisions of the CPLR or any other statute. The provisions for mailing after "substituted” or "conspicuous place” service include separate details for mailing to corporations and to individuals, indicative of legislative intent to have RPAPL 735 apply to both corporations and individuals. This history led the court in 1405 Realty Corp. v Napier (68 Misc 2d 793, 794) to conclude that the Legislature intentionally deleted the requirement of "due diligence” before a resort to "substituted” service is permitted under RPAPL 735. Similarly, in Puteoli Realty Corp. v Mr. D’s Fontana Di Trevi Rest. (95 Misc 2d 108) the court found that RPAPL 735 should not be read together with Business Corporation Law § 306 allowing service on the Secretary of State.
The language of RPAPL 735 itself clarifies that "personal service”, the term used in CPLR 311 and 308 (1) is not intended; "personal delivery”, a different, less inclusive term is used. (See, e.g., Rodgers v Rodgers, 32 AD2d 558; Wakerman Leather Co. v Foster Sportswear Co., 27 AD2d 767; Matter of Weill v Erickson, 49 AD2d 895, 897, affd 37 NY2d 851.) "Personal delivery” in CPLR 311 and 308 (1) means "in hand delivery”. The same usage appears in CPLR 317 where defaults can be vacated in certain cases where there has not been "personal delivery”. (Cf., Wakerman Leather Co. v Foster Sportswear Co., supra; see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138.) Similarly, RPAPL 771 (5) (a) contains its own regime of service which distinguishes between "personal delivery” and other forms of service for the commencement of proceedings for the appointment of an administrator. (See, Department of Hous. Preservation & Dev. v Arick, 131 Misc 2d 950, 954, for an analysis of these and similar statutes.) It is reasonable to conclude, therefore, that service under RPAPL 735 alone is sufficient without regard to "personal service” under CPLR 311.
The Appellate Term, First Department, has recently found acceptable under RPAPL 735 "substituted service” on a corporation where there had been delivery of the papers to a person who was not even employed by the corporation. (525 Park Ave. Assocs. v Kwit, NYLJ, July 15, 1987, at 11, col 1.) The court found a physician, an undertenant sharing the premises and receptionist, to be "a person of suitable age and discretion who * * * is employed at the property to be recovered”. (But cf., Ilfin Co. v Benec Indus., 114 Misc 2d 411, 413-414, finding an *408 employee of another corporation sharing the office not to be a "person of suitable age and discretion”.)
The question asked to determine the validity of any service is whether its manner is calculated to adequately and fairly apprise the respondent of the impending lawsuit. (417 E. Realty Assocs. v Ryan, 110 Misc 2d 607, 610.) The Legislature reasonably concluded that in the case of summary proceedings for the recovery of premises notice to any person of "suitable age and discretion who * * * is employed at the property to be recovered” is sufficient. (Cf., Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271.) There is no allegation here that respondent did not learn of the action through the service actually employed.
This proceeding was properly commenced by service on respondent’s employee regardless of her status in the corporate hierarchy or whether she stated to the process server that she was authorized to accept service.
The failure to serve fictitious parties, "John Doe” and "Jane Doe”, does not invalidate the proceeding. The service of a single copy of the papers on respondent’s employee is therefore sufficient. (Compare, Raschel v Rish, 120 AD2d 945; World’s Busiest Corner Corp. v Cine 42nd St. Theatre Corp., 134 Misc 2d 281, 282.)
Respondent also seeks dismissal under Siegel v Kentucky Fried Chicken (67 NY2d 792) because the notice to quit and petition were signed by petitioner’s Commissioner of the Department of Ports, International Trade and Commerce without an annexed separate statement of his authority to act. (Cf., Whitefriars E. Co. v Labyrinth Data Processing Enters., 132 Misc 2d 668.) The court in Siegel held that where the respondent has no knowledge, from the lease or some other source, of the role of the person signing the document, the notice is facially defective. (See, Mann Theatres Corp. v Mid-Island Shopping Plaza Co., 94 AD2d 466, 474, affd 62 NY2d 930; Rogers v New York Tel. Co., 74 AD2d 526.) The Commissioner’s authority to act may be an element on the merits of the case; it is not a matter to be resolved on the face of the notice to quit. There is compliance here with Siegel since the same Commissioner signed the permit, the notice to quit, and the petition.
The respondent commenced actions in the Supreme Court in order to establish its right of occupancy to the premises. It asserts that those actions constitute a "prior *409 action pending” and that a dismissal or stay is required here. (CPLR 3211 [a] [4].) The cases in the Supreme Court have terminated; the judgments against respondent have been affirmed by the Appellate Division. Those actions are, therefore, no longer pending. (See, Ferrandino v Cartelli, 12 AD2d 604.) The purpose of CPLR 3211 (a) (4) is to prevent possible inconsistent or duplicative results. (Frank Pompea, Inc. v Essayan, 36 AD2d 745; Alderman v American Sleeping Sys. Corp., 120 Misc 2d 878.) The commencement of an action in order to prevent the trial of another not to one’s liking is an improper use of CPLR 3211 (a) (4).
The counterclaims are dismissed since respondent failed to comply with the demand provisions of Administrative Code of the City of New York former § 394a-1.0; that statute bars counterclaims as well as affirmative actions. (City of New York v New York City Omnibus Corp., 84 NYS2d 616, 625.) The filing of a "demand” after the instant motions were submitted is too late to revive the counterclaims; they are insufficient in any event.
The court will not order discovery in the absence of a detailed showing of "necessity”.
The case is restored to the Trial Calendar of Part 52 for August 10, 1987.