■ 117-07 HILLSIDE AVE. REALTY CORP., Appellant, v RKO CENTURY WARNER THEATERS, INC., Respondent, et al., Defendant.—In an action by the plaintiff landlord to recover allegedly unpaid sums for insurance premiums in the amount of $24,049.11 as well as real estate taxes in the amount of $6,290 which the defendant tenants were obligated to pay under the terms of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated August 24, 1988, as denied its motion for summary judgment as against RKO Century Warner Theaters, Inc. and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as it is asserted against RKO Century Warner Theaters, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is the owner of premises known as 117-07 Hillside Avenue, Queens, New York, and is the assignee-landlord under the terms of a lease dated November 10, 1966. The defendant, RKO Century Warner Theaters, Inc. (hereinafter RKO), is the assignee-tenant under the lease. On April 20, 1987, the plaintiff received a letter from Seamen's Bank, the first mortgagee, stating that the insurance for the premises had expired on December 11, 1986. On November 5, 1987, the plaintiff received another letter from Seamen's Bank stating that the real estate taxes on the property were unpaid.

By the terms of paragraph 3 of the lease, the tenant is required to pay real estate taxes and to furnish to the landlord proof of payment "within fifteen (15) days *after written request therefor by Landlord*" (emphasis supplied). Paragraph 8 of the lease provides that: "If Tenant shall at any time fail to pay any sum required to be paid by it, or to take out, pay for, or maintain any of the required insurance policies * * * then Landlord, after ten (10) days notice to Tenant * * * may (but shall be under no obligation to) pay such charge". " 'Landlord' " is defined under paragraph 21 as "*only* the owner, or the mortgagee in possession for the time being of the land" (emphasis supplied).

By two written notices by the plaintiff landlord's attorney, on December 24, 1987 and January 7, 1988, respectively, RKO was advised of the alleged defaults in the payment of real estate taxes and insurance and requested to cure the defaults. The record reveals that the two notices to cure sent by the plaintiff were ineffectual as they were not sent by the landlord or its agent or attorney named in the lease *(see, Siegel v Kentucky Fried Chicken,* 67 NY2d 792). As the plaintiff failed to give proper notices "the tenant was entitled to ignore them as not in compliance with the lease provisions concerning notice" *(Siegel v Kentucky Fried Chicken supra,* at 794).

In any event, the record shows that on January 22, 1988, RKO's insurance broker sent the plaintiff proof of insurance for the period from July 1, 1987 through July 1, 1988. Although the proof of insurance misstated the address, it correctly identified the theater, the plaintiff and Cineplex Odeon Corporation U.S.A. (RKO's parent company) as the insured. RKO also sent a further notice of the insurance coverage to the plaintiff on February 16, 1988, and this notice, while again misstating the address, identified the theater, Cineplex Odeon Corporation U.S.A. as the insured, the mortgagee Seamen's Bank and the plaintiff. As the plaintiff failed to offer any

proof that the subject premises was not insured at any time, the court properly granted summary judgment to the defendant RKO on the issue of the insurance premiums.

We further note that, although the plaintiff submitted an invoice totaling $24,049.11 to support the assertion in the complaint that it was forced to procure additional insurance by virtue of RKO's breach of the lease, this invoice failed to specify what property was covered or that the plaintiff procured this insurance for the subject premises.

As to the real estate taxes claimed to be owing, the record reflects payment by RKO on January 27, 1988 of the sum of $6,290 which was applied to the period from July 1, 1987 through January 1, 1988. Since the complaint sought payment of the same sum of $6,290 for this same period, and RKO furnished documentary evidence that it had paid the taxes for this period, summary judgment was also properly granted to RKO on this issue.

We make no determination in this action as to the tax payment made by the plaintiff in the sum of $6,957.23. Kunzeman, J. P., Eiber, Kooper and Spatt, JJ., concur.