OPINION OF THE COURT
Peter Tom, J.
Petitioners move for leave to reargue a decision of this court which granted respondent’s motion to dismiss the petition, *751 and upon reargument for an order denying respondent’s motion to dismiss (see, Yui Woon Kwong v Ng, 146 Misc 2d 209). The interesting issue raised by this motion is whether the ruling in Siegel v Kentucky Fried Chicken (108 AD2d 218, affd 67 NY2d 792) applies to a predicate three-day notice in a summary nonpayment proceeding.
This court held in a prior decision in this nonpayment proceeding that petitioners’ three-day notice for rent pursuant to RPAPL 711 (2) was jurisdictionally defective in that the notice was signed by the landlords’ attorney unknown to the respondent and not accompanied by proof of authorization by the landlords to bind the landlords in the giving of such notice. Petitioners’ nonpayment petition was dismissed based on this ground. Respondent is a rent-controlled tenant and there is no lease agreement between the parties. This court in its prior decision, in essence, applied the ruling in the Kentucky Fried Chicken case (supra) to a three-day predicate notice in a nonpayment proceeding.
Subsequent to this decision, the Appellate Term came down with the ruling in Beau Arts Props. Co. v Whelan (NYLJ, Jan. 12, 1990, at 21, col 2 [App Term, 1st Dept]) which held that a three-day notice for rent signed by an attorney without written authorization was valid under the facts of that case. It is the ruling by the Appellate Term in Beau Arts Props. Co. v Whelan which forms the basis for petitioners’ instant motion for reargument.
Petitioners argue that the ruling in the Beau Arts case (supra) has superseded this court’s prior ruling.
That portion of petitioners’ motion for leave to reargue this court’s prior decision is granted and upon reargument and reconsideration the court renders the following decision.
In the Beau Arts case (supra), a Civil Court Judge in the process of conducting an inquest hearing based upon the tenant’s failure to answer a nonpayment petition, sua sponte, dismissed the landlord’s petition on the ground that the landlord’s three-day notice was signed by the attorney for the landlord without written authorization. The Appellate Term in reversing the ruling of the Civil Court Judge held that the three-day demand was valid although signed in the name and on behalf of the landlord by its attorney.
The facts in the Beau Arts case (supra) are distinguishable from the facts in this case in that the tenant in the Beau Arts case as pointed out by the Appellate Term defaulted at every *752 stage of the proceeding with no bona fide defense to the nonpayment petition, while the tenant in this case is not in default but has been engaged in protracted litigation with the landlords as to the issue of the legal rent for this apartment, and has not previously dealt with the attorney who signed the notice in issue on behalf of the landlord.
The Appellate Division in Kentucky Fried Chicken (supra) clearly expounded that in summary holdover proceedings notices to cure and to terminate signed by an agent or attorney who is not named in the lease as authorized to act on behalf of the landlord in such matter, and which is not accompanied by authorization by the landlord to bind the landlord in giving such notice are jurisdictionally defective and can be ignored by the tenant.
It is the position of this court that the Beau Arts case (supra) is distinguishable from the instant case and that the ruling in Kentucky Fried Chicken (supra) which has been applied to notices to cure and to terminate in summary holdover proceedings (see, 615 Co. v Mikeska, NYLJ, Mar. 16, 1987, at 39, col 1 [App Term, 1st Dept]; Whitefriars E. Co. v Labyrinth Data Processing Enters., 132 Misc 2d 668; Amdar Co. v Sun & Blue, NYLJ, Nov. 5, 1986, at 7, col 1 [App Term, 1st Dept]) should also apply to a predicate three-day notice for rent under the facts of this summary nonpayment proceeding.
The three-day notice which demands payment of all rent requested in the petition or vacate and surrender the housing accommodation is equivalent to a notice to cure. This analogy was made in Park Summit Realty Corp. v Frank (56 NY2d 1025, 1026) where the Court of Appeals held that, "[a] notice to cure was required whether the proceeding be as a holdover after termination of tenancy (RPAPL 711, subd 1; Code of Metropolitan Hotel Industry Stabilization Assn. [Hotel Code], §§ 50, 53, subd [a]) or as a nonpayment proceeding (RPAPL 711, subd 2; Hotel Code, § 50).”
The three-day notice prescribed under RPAPL 711 (2) does not merely request for payment of rent arrears but also demands that the tenant relinquish possession of the housing accommodation if all rent arrears are not paid within three days. Therefore, the ruling in Kentucky Fried Chicken (supra) which applies to a notice to cure in a holdover proceeding should equally apply to a three-day notice to cure in a nonpayment proceeding based on the very reasoning of the Appellate Division in expounding such a rule.
*753 RPAPL 711 (2) provides that a special proceeding may be maintained if "[t]he tenant has defaulted in the payment of rent * * * and a demand of the rent has been made, or at least three days’ notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served” (emphasis supplied).
It would defy the rational reasoning of the Appellate Division in Kentucky Fried Chicken (supra) if the landlord’s attorney on the one hand is not permitted in a holdover proceeding to sign notices to cure and to terminate absent landlord’s authorization and on the other hand is permitted in a nonpayment proceeding to sign a three-day notice for rent under the same circumstances when the notices in both proceedings demand the tenant to cure the default or vacate and surrender the premises.
The difference between a holdover proceeding and a nonpayment proceeding should not be a factor in whether the application of the ruling in Kentucky Fried Chicken (108 AD2d 218, affd 67 NY2d 792, supra) should be applied to a three-day notice in a nonpayment proceeding since the determining factor is the requirement of a clear and adequate notice from the landlord so that the tenant can act with safety. Although in one proceeding the main objective is to recover possession of the premises while the other seeks payment of rent, yet in both proceedings the petition requests a final judgment of possession against the tenant and most significantly the tenant in either proceeding has an opportunity to cure the default even after a final judgment of possession has been entered in favor of the petitioner. (RPAPL 753 [4]; 732 [2]; 22 NYCRR 208.42 [d]; RPAPL 751 [1].)
The rationale in the ruling of the Kentucky Fried Chicken case (supra) is that the tenant who is given a short period of time to act or face eviction is entitled to know with certainty that the notice is actually from the landlord. No duty of inquiry should be imposed upon the tenant. The Appellate Division held that since " '[t]he tenant is [required] to act upon [such] notice at the time it is given * * * it ought to be such a one as he can act upon with safety’ ” (supra, 108 AD2d, at 220, citing Reeder v Sayre, 70 NY 180,187-188).
The Appellate Division went on to state (supra, at 222) "for if he acts upon such notice to vacate the premises, he may later be found to have acted at his peril should the landlord prevail in a claim that the notice was unauthorized.”
*754 In the case at bar there has been prior litigation between the parties as to the issue of the legal rent of this apartment. Several years ago, respondent’s rent was raised by more than $100 per month by the District Rent Administrator. Respondent protested the increase and filed a PAR (petition for administrative review) with the Division of Housing and Community Renewal (DHCR) as to the ruling by the District Rent Administrator. Respondent continued to pay the undisputed portion of the rent. Respondent and more than 20 other tenants who are in the same situation were then sued for nonpayment of rent. The landlords were represented by Morton R. Nussbaum, Esq. in these proceedings. The tenants and landlords agreed and did mark the cases off the calendar pending a final determination by the DHCR as to the amount of legal monthly rent for each of the tenants.
While the petition for administrative review is still pending, respondent was served with a three-day notice signed by Alan D. Kucker, purported attorney for landlords, demanding that respondent pay the sum $10,087.37 for rent arrears. The notice further provides that, “you are required to pay within three (3) days of receiving this notice, or surrender up the possession of said premises to the landlord. If payment is not made or the premises are not vacated, the landlord will commence summary proceeding under the statute to recover possession of the premises.” The notice was not accompanied by authorization of the landlords.
Respondent has never dealt with Alan D. Kucker, Esq. in the past and has received no correspondence from the landlords or Morton R. Nussbaum, Esq. that they have changed their position not to proceed with the court proceeding pending the final determination of the DHCR concerning respondent’s PAR. The service of the three-day notice upon respondent is in total contravention of landlords’ prior agreement to mark the proceeding off the calendar.
Respondent was not given the assurance in the notice that the attorney unknown to the respondent had the requisite authority of the landlords so that respondent may act with safety. The authority of petitioners’ attorney becomes more doubtful based upon the prior dealings and agreement made between landlords and respondent. The service of a defective notice is equivalent to no notice at all.
The courts have sustained notices signed by the agent or attorney for landlord, not accompanied by authorization of the *755 landlord in cases where the tenant had prior dealings with the landlord through the agent or attorney (Melohn v Guy, NYLJ, Mar. 21, 1989, at 21, col 2 [App Term, 1st Dept]), and where the identity and authority of the agent is set forth in a multiple dwelling registration statement on file as a matter of public record. (Pamela Equities Corp. v Fattore, NYLJ, Apr. 20,1989, at 23, col 2 [App Term, 1st Dept].)
We do not have either situation in the present case. Respondent only dealt with the landlords through Morton R. Nussbaum, Esq. in the past, and Alan D. Kucker, Esq. is not the registered managing agent of the subject building.
In both the Melohn case (supra, at 21, col 3) and Pamela Equities case (supra, at 23, col 2), the Appellate Term was careful to state that, "The notices given here are to be distinguished from those situations where an attorney unknown to the tenant has given termination notices without proof of authority.”
The ruling in Kentucky Fried Chicken (supra) conforms with the principal of contract law that a lessee is entitled, as a matter of contractual right, to a notice from the lessor since he is the only one in privity with the lessee. Thus in 185 E. 85th St. Co. v Gravanis (NYLJ, Jan. 21, 1981, at 6, col 2 [App Term, 1st Dept]), cited in Kentucky Fried Chicken, the court held that, " 'unless the lease provides otherwise a notice must be given by the landlords themselves; a notice given by an attorney will not do * * * The tenant cannot be asked to determine for itself and at its peril the extent of the attorney’s authority’ ” (quoting Granet Constr. Corp. v Longo, 42 Misc 2d 798, 802).
The Appellate Division in Kentucky Fried Chicken (supra, at 221) held that, "the mere assertion of authority on the face of the notice by a total stranger to the transaction that he is the landlord’s attorney and that he is authorized to act on the latter’s behalf cannot be deemed to provide the tenant with the surety of notice to which he is contractually entitled”.
The landlord’s authorization to an agent or attorney to act on his behalf ought to be disclosed since the tenant being only in privity with the landlord is obligated to act upon notice from the landlord. The tenant should not be placed in a position to act at his peril to a notice from a total stranger.
The ruling in the Beau Arts case (NYLJ, Jan. 12, 1990, at 21, col 2, supra) is not inconsistent with this ruling and is distinguishable from the facts in both cases. The tenant in the *756 Beau Arts case never appeared in the proceeding and has no defense to the nonpayment petition. The tenant in this case had prior litigation with the landlords which is still pending as to the issue of the legal rent for the subject premises and has never dealt with the attorney who signed the predicate notice in issue.
Upon reargument and reconsideration of the court’s prior ruling, the court adheres to and reinstates its prior decision.
That portion of petitioners’ motion for an order upon reargument to deny respondent’s motion to dismiss is denied.