■ In the Matter of OWEGO PROPERTIES, Respondent, v DALE J. CAMPFIELD, Doing Business as SHANGRI-LA MOTOR SPEEDWAY, Appellant.—Levine, J. Appeal from an order of the County Court of Tioga County (Callanan, Sr., J.), entered November 13, 1991, which affirmed a judgment of the Justice Court of the Town of Tioga in favor of petitioner.

In April 1979, petitioner leased to respondent certain property owned by it in the Town of Tioga, Tioga County, for a period of 10 years with an option to renew the lease for two additional five-year terms. Under the lease agreement, the annual rental was the greater of $25,000 or 10% of the total admission ticket sales generated by respondent's operation of an automobile racetrack on the premises. Between 1979 and 1985, various disputes arose between the parties regarding the amount of gate receipts collected by respondent and, ultimately, petitioner commenced an action against respondent for back rent allegedly owed. That litigation ended in August 1987 with a settlement agreement in which respondent agreed, *inter alia,* to hire a public accountant to furnish a weekly "written certified statement of the total number of persons admitted to the race * * * and total cash receipts".

In December 1989, petitioner attempted to terminate respondent's lease based on his alleged failure to exercise his option to renew under the terms of the 1979 lease. Subsequently, in February 1990, respondent commenced an action seeking a declaration of the parties' rights under the lease. That litigation ended in March 1990 with a consent order providing for the continuation of both the 1979 lease and the 1987 settlement agreement for the first five-year renewal period (from April 1, 1989 to March 31, 1994) and directing respondent's strict compliance with the terms and conditions of the 1979 lease and the 1987 settlement agreement.

By letter dated May 22, 1990, David Sarkisian, an officer of Sarbro Realty Corporation who had previously been authorized by petitioner to act on its behalf with regard to the subject property, notified respondent that he was in violation of the March 1990 consent order based on his failure to provide independently certified statements of gate receipts for

races held on April 28, 1990 and May 12, 1990. Although petitioner was given five days to cure the violation, he took no corrective action and, on May 31, 1990, Sarkisian sent respondent a letter terminating his lease. Petitioner permitted respondent to occupy the premises for the remainder of the racing season conditional upon his compliance with the payment, insurance and maintenance terms of the 1979 lease and the 1987 settlement agreement. Sarkisian subsequently made an unsuccessful effort to negotiate a new lease with respondent, who maintained that the original lease had not been materially breached and therefore remained in effect.

In January 1991, petitioner commenced this RPAPL article 7 proceeding seeking to evict respondent from its premises. Following a trial, Justice Court concluded that petitioner was entitled to a judgment of eviction and a warrant to dispossess was issued. Respondent then appealed to County Court which affirmed Justice Court's judgment. This appeal ensued.

Respondent's first contention on appeal is that the notice to cure was ineffective because it was signed by Sarkisian, who was neither the landlord nor an agent named in the lease, and was not physically accompanied by any authorization by petitioner designating Sarkisian as its agent. This argument is unavailing. The record amply demonstrates that respondent knew at the time he received the notice to cure that Sarkisian was authorized to act as petitioner's agent. Specifically, in direct response to an objection by respondent to a December 1989 notice of termination signed by Sarkisian, respondent was notified in writing by petitioner in January 1990 that Sarbro Realty Corporation and its officers had authority to act on behalf of petitioner with regard to the subject property. Thereafter, in the absence of any notice terminating that agency authority, respondent was entitled to rely on Sarkisian's authority to act as an agent for petitioner in matters concerning the leased premises (see, Restatement [Second] of Agency § 135; 2 NY Jur 2d, Agency, § 42, at 497-498). Accordingly, the fact that the May 1990 notice to cure was not accompanied by authentication or proof of agency did not, in our view, negate the validity or effectiveness of the notice (cf., *Siegel v Kentucky Fried Chicken*, 108 AD2d 218, *affd* 67 NY2d 792).

Respondent next contends that the notice to cure was unclear and confusing because it referred to his failure with regard to two separate races to provide "independently certified statement[s]" which, according to the 1987 settlement agreement, were to be issued on an annual basis, rather than

"written certified statement[s]" which were to be issued weekly. We disagree. The 1987 settlement agreement expressly required respondent to have a public accountant audit total weekly gate admissions and cash receipts and provide petitioner with a weekly "written certified statement" with respect thereto. It is undisputed that the individual hired by respondent to perform such audit was not an accountant and that respondent himself signed the weekly statements given to petitioner. Hence, the notice to cure stating that respondent violated the March 1990 consent order and the 1987 settlement agreement by failing to furnish petitioner with an independently certified statement of admissions for the races occurring on April 28, 1990 and May 12, 1990 was sufficiently clear and specific to apprise respondent of the claimed default (cf., Filmtrucks, Inc. v Express Indus. & Term. Corp., 127 AD2d 509, 510-511).

Finally, we reject respondent's claim that the petition is defective because it was not signed by petitioner but by "Owego Properties, Inc. [petitioner] By David Sarkisian". It is clear from the petition that this proceeding was correctly brought in the name of petitioner as landlord (see, RPAPL 721; cf., Woodlaurel, Inc. v Wittman, 163 AD2d 383, 384) and that the petition was properly verified by Sarkisian who, as petitioner's agent, had personal knowledge of the material allegations of the pleading (see, RPAPL 741; CPLR 3020 [d] [3]). Respondent has made no claim of confusion or prejudice and none is apparent (see, Gamliali v Tower of David, 94 Misc 2d 763, 764). Thus, dismissal of the petition was not required. We have considered respondent's remaining contentions and find them also to be without merit.

Weiss, P. J., Mikoll, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.