■ LINROC ENTERPRISES, INC., Respondent, v 1359 BROADWAY ASSOCIATES, Appellant.—Order (denominated a judgment), Supreme Court, New York County (Carol H. Arber, J.), entered August 28, 1991, which granted plaintiff's motion for summary judgment to the extent of declaring that defendant's notice to cure is legally insufficient to terminate the parties' lease and enjoining defendant from terminating plaintiff's tenancy on the basis thereof, unanimously affirmed, with costs. Order of the same court (David H. Edwards, J.), entered December 18, 1989, which, *inter alia,* granted plaintiff's motion for a protective order striking defendant's notice of discovery and inspection, unanimously modified, on the law, the facts, and in the exercise of discretion, to deny the motion as to items 1 through 15 and 18 through 26, and otherwise affirmed, with costs.

The IAS Court correctly found defendant's notice to cure to be defective, counsel for defendant having identified himself as a general partner of defendant in signing the notice, when he was actually the attorney-in-fact, or an agent, of one of the general partners, and the notice not having been accompanied by proof of the signer's authority to bind the defendant *(Siegel v Kentucky Fried Chicken,* 67 NY2d 792). And since the signer was not an officer of defendant, there is no merit to defendant's argument that the notice was valid because prepared on defendant's stationery *(see, Bronx Park S. II Assoc. v Aballe,* 136 Misc 2d 755).

Plaintiff did not waive its right to challenge the notice to cure by negotiating with the defendant and obtaining enlargements of time in which to cure. And since plaintiff's reservation of the right to commence this action was not conditional, neither is there merit to defendant's argument of an equitable estoppel.

Except as modified, the notice of discovery and inspection seeks evidence material and necessary to the issues framed by the pleadings. Legitimate discovery extends to documents that can lead to the disclosure of admissible proof, as well as admissible proof itself. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.