OPINION OF THE COURT
Lucy Billings, J.
This decision resolves the unanswered question whether, where the governing statute or lease provision permits a notice *56 terminating a tenancy to be signed by the landlord’s agent, a person who is in fact an agent may sign without any indication to the tenant that the agent is acting for the landlord. The court holds that the landlord and agent may not remain totally silent as to the agency.
In this commercial summary holdover proceeding, petitioner landlord seeks to recover store space at 301 East 82nd Street, New York County, which petitioner has rented to respondent on a month-to-month basis. At the close of petitioner’s direct case, upon the admissions of petitioner’s sole witness and the documents admitted in evidence at the trial December 14 and 26, 2001, respondent moved to dismiss the petition. Petitioner proffered no further evidence. Upon considering the evidence adduced, the court summarized the following findings and conclusions on the record and, for the reasons explained below, granted respondent’s motion and dismissed the petition. (CPLR 409 [b]; 4401.)
The petition alleges that respondent’s month-to-month tenancy terminated pursuant to a 30-day notice of termination served on respondent as required by Real Property Law § 232-a. The notice is signed by petitioner: “second & e. 82 realty llc.” (Exhibit 2.) Petitioner’s witness testified that the signature for petitioner on the notice is by Alan Wasserman, but that he is not a member or principal of petitioner limited liability company. Petitioner also offered a document that was admitted to show a written authorization for Wasserman to act for petitioner. This document was not attached to the notice of termination.
Respondent claims the petition must be dismissed because Wasserman’s agency or authorization to act for petitioner was not disclosed before or with the notice of termination. Respondent never raised this claim until respondent served an amended answer during trial. Petitioner contends that this claim is an affirmative defense and that pleading it at this juncture is unfair surprise.
I. The Sufficiency of Respondent’s Pleadings to Raise Its Defense
A valid notice of termination is a condition precedent to a summary holdover proceeding. (170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1st Dept 1991].) Where a condition precedent to the proceeding has not been met, that condition *57 may not be satisfied, nunc pro tunc by amending the predicate notice. A defective predicate notice consequently provides the tenant a successful defense against the proceeding. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787-788 [1980]; First Fed. Sav. & Loan Assn. of Rochester v Suoto, 158 Misc 2d 219, 221 [Civ Ct, NY County 1993]; Homestead Equities v Washington, 176 Misc 2d 459, 464 [Civ Ct, Kings County 1998].)
Compliance with the statutory prerequisites to a summary eviction proceeding, including service of an adequate predicate notice, constitutes a fact on which the proceeding is based and which petitioner therefore must plead and prove as part of petitioner’s prima facie case. (Real Property Law § 232-a; RPAPL 741 [4]; City of New York v Valera, 216 AD2d 237, 238 [1st Dept 1995].) Thus noncompliance with a prerequisite or the failure to plead compliance by incorporating a defective predicate notice in the petition indisputably constitutes a defense, but not one that must be pleaded affirmatively, other than by denying the petition’s allegations of compliance. (See 433 W. Assoc. v Murdock, 276 AD2d 360 [1st Dept 2000].)
An affirmative. defense must be pleaded only as to “matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.” (CPLR 3018 [b].) As stated, the petition sets forth compliance with Real Property Law § 232-a by alleging that petitioner terminated respondent’s month-to-month tenancy through service of a 30-day termination notice. Even in the original answer, respondent denied all allegations regarding the notice’s validity or effectiveness. Respondent’s denial sufficiently raised the adequacy of the notice as a factual issue. Respondent need not specify the grounds for its denial, because petitioner, alleging the adequacy of the notice, not respondent denying those allegations, has the burden of proof on that issue. (Northway Eng’g v Felix Indus., 77 NY2d 332, 336-337 [1991].) Under the denial, respondent may offer any evidence to disprove anything petitioner would be permitted to offer evidence to prove, which includes the adequacy of the notice, facts petitioner must prove as an element of petitioner’s case. (CPLR 3018; e.g., Stevens v Northern Lights Assoc., 229 AD2d 1001, 1002 [4th Dept 1996].)
In sum, the defense set forth via a denial does not raise a new factual issue not already appearing in the petition. The fact that the notice was deficient in its execution or content may have been a surprise to petitioner, but not the unfair surprise contemplated by CPLR 3018. (Stevens v Northern Lights Assoc., 229 AD2d at 1002.)
*58 II. The Sufficiency of the Evidence to Support Respondent’s Defense
A. The Evidence
A notice terminating a monthly tenancy must be signed by the landlord or its agent. (Real Property Law § 232-a.) If the notice is signed by the landlord’s agent, documentation of the agent’s authority need not be attached. (Sporn v Nicholas, NYLJ, Jan. 13, 1988, at 6, col 4 [App Term, 1st Dept]; Kosnik v Sterling, NYLJ, June 6, 1988, at 27, col 6 [App Term, 2d Dept].)
Here, however, the notice purported to be executed by petitioner landlord. The party signing the notice, Alan Wasserman, signed as petitioner, yet being neither a member nor a principal of petitioner, he could not accurately designate himself as petitioner. While Wasserman may have been petitioner’s agent authorized to act for petitioner in terminating respondent’s tenancy, he was nowhere identified as an agent. Nor did the evidence indicate respondent and Wasserman had dealt with each other previously, such that respondent knew he was petitioner’s agent.
Not only did the evidence fail to reveal notice to respondent of Wasserman’s agency, the only evidence offered to show petitioner had in fact granted Wasserman authority was the written authorization. This document was admitted to show only the fact of the document, not the truth of its contents, which, absent a foundation to establish an exception to the rule against hearsay, was inadmissible hearsay. (People v Clark, 95 NY2d 773, 775 [2000]; People v Cook, 115 AD2d 240 [4th Dept 1985], affd 68 NY2d 830 [1986]; Stern v Waldbaum, Inc., 234 AD2d 534, 535 [2d Dept 1996]; Matter of Oberle v Caracappa, 133 AD2d 202, 203 [2d Dept 1987]; see, e.g., CPLR 4518 [a].) Wasserman’s agency had to be established by evidence based on personal knowledge or other admissible evidence, absent here, regarding the grant of authority. (See Whitefriars E. Co. v Labyrinth Data Processing Enters., 132 Misc 2d 668, 669 [Civ Ct, NY County 1986].)
B. The Standard to Be Applied
Even if Wasserman’s agency were established by admissible evidence, however, it does not change the fact that Wasserman was not identified as executing the termination notice in that capacity. Where a party signs as the landlord, not an agent, the same rules apply as where a statute or lease requires the termination notice to be signed only by the landlord. (Siegel v *59 Kentucky Fried Chicken, 67 NY2d 792, 794 [1986]; Sherry v G.N. Inc., NYLJ, June 27, 1990, at 27, col 5 [Civ Ct, Kings County].) For the termination notice to be valid, either documentation of the agency must be attached to the notice (Linroc Enters, v 1359 Broadway Assoc., 186 AD2d 95 [1st Dept 1992]; Yui Woon Kwong v Sun Po Eng, 147 Misc 2d 750, 752 [Civ Ct, NY County 1990]), or the tenant must have prior notice of the agency, through interaction with the agent, formal written notification, or a public record of the agency. (Prime Realty Holdings Co. v Alpine Group, 225 AD2d 533, 534 [2d Dept 1996]; Matter of Owego Props. v Campfield, 182 AD2d 1058, 1059 [3d Dept 1992]; Pamela Equities Corp. v Fattore, NYLJ, Apr. 20, 1989, at 23, col 2 [App Term, 1st Dept]; Melohn v Guy, NYLJ, Mar. 21, 1989, at 21, col 2 [App Term, 1st Dept].)
The rationale for these rules is that the tenant is entitled to notice of the signer’s authority to act for the landlord. Where the governing statute or lease provision requires notice by the landlord, the tenant is entitled to know that the party executing the notice is in fact authorized to execute the notice for the landlord. Otherwise the tenant is entitled to ignore the notice as not emanating from the requisite party. (Siegel v Kentucky Fried Chicken, 67 NY2d at 794; Virginia City v Dickinson, NYLJ, Aug. 13, 1997, at 22, col 4 [Civ Ct, NY County 1997].) This measure of assurance is required because, if the tenant acts on the notice by vacating the rented premises, and the notice is invalid, the tenant not only gives up its leasehold, but also risks liability to the landlord for damages caused by a premature vacatur. (Id.; Yui Woon Kwong v Sun Po Eng, 147 Misc 2d at 753, 755.)
Where the governing statute or lease provision permits notice by the landlord or its agent, the tenant is entitled to know at minimum that one or the other is executing the notice. If the notice represents that it is from the landlord, but is not, the notice is equally as ineffective as one that lacks the signer’s authority to act for the landlord. (Linroc Enters. v 1359 Broadway Assoc., 186 AD2d 95; 117-07 Hillside Ave. Realty Corp. v RKO Century Warner Theaters, 151 AD2d 732, 733 [2d Dept 1989].)
If the notice is from an agent, it must at least represent that it is and in fact be so, even if the authorization need not be attached. The notice must state, for example, that it is signed on behalf of the landlord by its agent (Sporn v Nicholas, NYLJ, Jan. 13, 1988, at 6, col 4) or, similarly, by an agent for the landlord. (Kosnik v Sterling, NYLJ, June 6, 1988, at 27, col 6.) *60 A landlord may act through an agent, but the agency must be disclosed. Otherwise the tenant is entitled to ignore the act of a total stranger, unidentified as having any relationship to the landlord whatsoever.
Here Wasserman was identified as petitioner on the termination notice, when he was not petitioner and may or may not have been an agent, as the termination notice itself did not identify him as an agent, nor was it accompanied by the written authorization, nor did respondent have any other basis to know his agency. (Linroc Enters. v 1359 Broadway Assoc., 186 AD2d 95; Virginia City v Dickinson, NYLJ, Aug. 13, 1997, at 22, col 4.) Therefore the termination notice was insufficient from either petitioner or an agent. (Siegel v Kentucky Fried Chicken, 67 NY2d at 794; Linroc Enters. v 1359 Broadway Assoc., 186 AD2d 95; 117-07 Hillside Ave. Realty Corp. v RKO Century Warner Theaters, 151 AD2d at 733.)
III. Conclusion
The defect in petitioner’s termination notice, in representing that it was from petitioner, when the notice was not from petitioner, is material and substantial. This defect may not be cured retroactively by supplying the agency designation or authorization to act for petitioner to the previously served notice. (Chinatown Apts. v Chu Cho Lam, 51 NY2d at 787.) By serving a defective termination notice, petitioner has failed to satisfy a condition precedent and failed to prove a prima facie case. (433 W. Assoc. v Murdock, 276 AD2d at 361; 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d at 339; Priel v Priel, NYLJ, Mar. 5, 1993, at 25, col 3 [App Term, 1st Dept]; Cucin v Weitzner, NYLJ, Feb. 9, 1984, at 7, col 2 [App Term, 1st Dept]; see Chinatown Apts. v Chu Cho Lam, 51 NY2d at 788.) Respondent sufficiently raised this noncompliance with the notice requirement and defect in petitioner’s prima facie case through the answer’s denials of petitioner’s allegations regarding the notice. (CPLR 3018 [a]; see 433 W. Assoc. v Murdock, 276 AD2d at 361; Cucin v Weitzner, NYLJ, Feb. 9, 1984, at 7, col 2.) Since no evidence indicates that petitioner signed its notice of termination, the court dismisses the petition, without prejudice to a future petition based on a valid termination notice.