■ YUI WOON KWONG et al., Respondents, v SUN PO ENG, Appellant.—Order, Appellate Term, First Department (Ostrau, P. J., Riccobono, Miller, JJ.), entered June 28, 1991, which, *inter alia,* modified, to the extent of denying tenant's motion to dismiss the nonpayment petition and of reinstating said petition, an order of the Civil Court (Peter Tom, J.), dated June 8, 1990, which granted reargument and on reargument adhered to its original decision granting tenant's motion to dismiss the nonpayment petition, affirmed, without costs.

Petitioners are the owners of 56 Henry Street, an apartment building located in Manhattan. Respondent is the statutory tenant of a rent controlled apartment in that building. The petition in this summary nonpayment proceeding alleged, *inter alia,* that over $10,000 in rent was due for October 1, 1983—September 30, 1984; October 1, 1984—December 31,

1985; and January 1, 1986—July 31, 1989, and that by virtue of a three-day demand notice for payment pursuant to RPAPL 711 (2), served on tenant on July 12, 1989, tenant was in default. RPAPL 711 states in pertinent part:

"Grounds where landlord-tenant relationship exists.

"A tenant shall include an occupant of one or more rooms in a rooming house or a resident, not including a transient occupant, of one or more rooms in a hotel who has been in possession for thirty consecutive days or longer; he shall not be removed from possession except in a special proceeding. A special proceeding may be maintained under this article upon the following grounds * * *

"2. The tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a demand of the rent had been made, or at least three days' notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served upon him as prescribed in section 735 [manner of service]".

There is no written lease between the parties herein.

Before the Civil Court, tenant sought dismissal of the petition on the grounds that it failed to state a cause of action and that the court lacked jurisdiction because the three-day demand notice was signed by petitioners' attorney and not one of the petitioners as landlord. The Civil Court granted the motion, relying chiefly upon *Siegel v Kentucky Fried Chicken* (108 AD2d 218 [1985], *affd* 67 NY2d 792 [1986] [notice of termination signed by agent or attorney not named in lease, absent proof of signer's authority to bind the landlord, is legally insufficient]).

In light of a subsequent decision of the Appellate Term, First Department in *Beau Arts Props. Co. v Whelan* (NYLJ, Jan. 12, 1990, at 21, col 2 [notice signed by attorney legally sufficient where landlord's signature not required by lease or statute]), the Civil Court granted reargument. In adhering to its decision to dismiss the petition, the Civil Court concluded that the rationale of *Siegel v Kentucky Fried Chicken (supra)* was applicable to a three-day demand notice for payment and that this case was factually distinguishable from *Beau Arts (supra)*.

Specifically, tenant herein had a bona fide defense, protracted litigation over the legal rent, and had not previously dealt with the attorney who signed the notice.

The Appellate Term, First Department reversed the Civil Court and reinstated the petition holding that "[t]he statute

[RPAPL 711 (2)] does not require notice from landlord personally and, this being a statutory tenancy, there is no such lease requirement extant. *(Beau Arts Props. Co. v Whelan,* NYLJ, Jan. 12, 1990, at 21, col 2 [App Term, 1st Dept]; *615 Co. v 354 E. 66th St. Realty Corp.,* NYLJ, Jan. 30, 1991, at 21, col 2 [App Term, 1st Dept].)"

We agree with the Appellate Term. There is no written lease between the parties requiring that the demand be signed by the landlord, as in *Siegel v Kentucky Fried Chicken, (supra).* RPAPL 711 (2) does not require that the demand be signed by the landlord. Therefore, the three-day demand notice in the case at bar was not rendered legally insufficient because it was signed by the landlords' attorney and not by the landlords.

Accordingly, the petition for nonpayment should be reinstated. Sullivan, J. P., Milonas, Kupferman and Smith, JJ., concur in the majority writing; Sullivan J. P., and Milonas, J., additionally concur in a separate memorandum by Sullivan, J. P.; Asch, J. dissents in a separate memorandum, all as follows:

Sullivan, J. P. (concurring).

I agree with the majority that, in the absence of a written lease, *Siegel v Kentucky Fried Chicken* (108 AD2d 218, *affd* 67 NY2d 792) does not apply. In my view, the Court of Appeals' affirmance in *Siegel* was on such narrow grounds—a contract interpretation based on the factual peculiarities of the particular lease—as to place in doubt the vitality of the broad so-called *Siegel* rule quoted in the dissent herein, which is taken from the majority opinion at the Appellate Division. In any event, whatever its residual force and effect, the rule has no application to this case.

In affirming the Appellate Division in *Siegel (supra),* the Court of Appeals noted that the lease contained four printed provisions referring to the "Landlord or Landlord's agent" but that its default provisions, with respect to both cure and cancellation, referred only to the "Landlord", which, by lease definition, meant "only the owner, or mortgagee in possession, for the time being." While a 44-paragraph rider, in three instances, referred to a named attorney as escrowee, it failed to specify that notice of default or termination could be given by the landlord's agent or attorney. In such circumstances, the Court of Appeals held, a notice of default and termination, signed by neither the landlord nor the attorney named in the lease, but by another attorney with whom the tenant had never dealt, failed to comply with the lease's notice provisions.

That is not the case here. As conceded, there is no written lease. Moreover, RPAPL 711 (2) does not require notice from the landlord personally.

Asch, J. (dissenting).

As the majority memorandum notes, there is no written lease in this case. Respondent is a rent controlled tenant. From this and the fact that RPAPL 711 (2) does not require notice from the landlord personally, the majority herein and the Appellate Term distinguish *Siegel v Kentucky Fried Chicken* (108 AD2d 218, *affd* 67 NY2d 792) and come to the conclusion that the three-day demand notice given by the petitioners was not rendered legally defective because it was signed, not by the landlords, but by their attorney.

However, I believe that they misinterpret both *Siegel v Kentucky Fried Chicken (supra),* and the requirements of the statute. In *Siegel (supra,* at 220), the rule is stated that: "a notice of termination signed by an agent or attorney who is not named in the lease as authorized to act for the landlord in such matters, and which is not authenticated or accompanied by proof of the latter's authority to bind the landlord in the giving of such notice, is legally insufficient to terminate the tenancy [citations omitted]."

While one of the purposes of the rule is to enforce the terms of a lease, which is not present herein, its primary and overriding purpose is to enable the tenant to be assured that the notice is authorized and that any ensuing act he might undertake is not at his peril *(see, Reeder v Sayre,* 70 NY 180, 188).

Since the landlord may not use his attorney to act on his behalf in sending a notice to cure (analogous to the three-day notice in the nonpayment proceeding herein), where the lease is silent in a commercial tenancy, a fortiori, a rent controlled residential tenant should be entitled to no less certainty in dealing with unknown agents of the landlord. "Rent control subjects an ever-decreasing number of rental units to *stringent* controls." *(Sullivan v Brevard Assocs.,* 66 NY2d 489, 494 [emphasis added].)

Here, the tenant had been engaged in prolonged litigation with the landlord. However, the attorney who signed the three-day notice was not known to the tenant, since he had not appeared in that litigation previously, and there was no proof of the attorney's authority to bind the landlord. Under these circumstances, I believe that the Civil Court (Tom, J.), properly granted the tenant's motion to dismiss the nonpay-

ment petition. Accordingly, I would reverse the order of the Appellate Term appealed from, and reinstate the order of Judge Tom. *[See,* 147 Misc 2d 750, *mod* 153 Misc 2d 118 (App Term, 1st Dept).]