*1013 OPINION OF THE COURT
Carl O. Callender, J.
I. PROCEDURAL POSTURE
After the petitioner rested, the respondents moved to dismiss because the three-day demand notice contained no signature. The petitioner was given until August 4, 1997 to submit papers, and the respondents had until August 11, 1997. Neither party submitted papers timely. The respondents submitted their papers late; the petitioner never submitted any papers.
The demand in question contained a line for a signature, but that line was blank. After that line was the name of a law firm containing the last names of five partners of the law firm. The problem is that there is no signature provided in the rent demand notice, although the way that the notice is prepared, it gives the impression that one was to be provided but was mistakenly omitted.
II. ISSUE BEFORE THE COURT
One of the first questions presented is whether or not a signature is required in the instant case. RPAPL 711 (2) does not explicitly require a signature on the three-day notice. (See, L & B 595 Madison Inc. v Sheehan Inc., NYLJ, Aug. 31, 1994, at 22, col 6 [Civ Ct, NY County].) The essential query is whether the requirements of RPAPL 711 (2) as the Legislature has written it manifests an intention that the demand notice clarify who is making the notice and that it elucidate the authority of the person making the demand.
III. LEGAL ANALYSIS
Rasch in New York Landlord and Tenant — Summary Proceedings § 32:13 seems to indicate that the three-day demand notice must manifestly evince that the landlord has demanded the rent. In one Appellate Division case the Court requires that the three-day demand notice be "clear, unambiguous and unequivocal”. (See, Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238 [1st Dept 1990].) In a New York County Housing Court case, Judge Malatzky found that the purpose of RPAPL 711 (2) is to mandate that the identity of the person who is the author of the three-day demand notice should be made clear as well as that person’s relationship to the landlord if it is not the landlord. (See, People v Garcia, NYLJ, Aug. 12, 1992, at 22, col 4 [Civ Ct, NY County].)
*1014 It is certainly of no relevance that an anonymous person sent the respondents a three-day demand notice. For the three-day notice to have any significance or materiality, the demand must be shown to have been authored and sent by someone who is the landlord or who has shown that he has such a relationship that what he does and says is representative of and is binding upon the landlord.
The demand notice in question is on blank letterhead. At the bottom of the notice it reads:
"anastasia realty co., Landlord
By:-
Cohen, Hurkin, Ehrenfeld, Pomerantz & Tenenbaum,
Attorneys for the Petitioners.”
While the term "Landlord” is used four other times in the notice, no other language is used in the body of the notice that makes it manifestly evident that the notice is authored by the petitioner or an agent or attorney authorized by the petitioner. Certainly there is nothing in the notice that shows who authored the correspondence, or that whoever authored the letter had authority to bind the landlord by the creation or distribution of the demand document.
IV. DECISIONAL AUTHORITY
The New York Court of Appeals has spoken on the subject. In an 1877 case, the Court said that the notice when written ought to contain sufficient information so that one can safely conclude that the document was certainly written by the landlord or someone who had authority to bind the landlord. The Court went on to suggest that: "If it [is] doubtful * * * all should join in the notice.” (See, Reeder v Sayre, 70 NY 180, 188 [1877].) In an appeals court case of more recent vintage, the Court stated that an agent cannot " 'create authority in himself to do a particular act by its performance or by asserting his authority to do it’ ”. (See, Siegel v Kentucky Fried Chicken, 108 AD2d 218 [2d Dept 1985], affd 67 NY2d 792 [1986].) The Second Department of the Appellate Division reasoned that for a notice to be legally sufficient the notice should demonstrate: (i) that it comes directly from the landlord, (ii) that it provides clear and certain notice that the landlord gave the notice, and (iii) that if the landlord did not give the notice, that the letter supplies proof that the agent or attorney for the landlord has authority to bind the landlord by the giving of such notice. *1015 (See, Siegel v Kentucky Fried Chicken, 108 AD2d 218 [2d Dept 1985], supra.)
In that case the Appellate Division found, and the Court of Appeals upheld their conclusions, that: "[T]he mere assertion of authority on the face of the notice by a total stranger to the transaction that he is the landlord’s attorney and that he is authorized to act on the latter’s behalf cannot be deemed to provide the tenant with the surety of notice to which he is contractually entitled”. (Siegel v Kentucky Fried Chicken, 108 AD2d, supra, at 221.)
The Court went on to elucidate its opinion by reasoning that: the "tenant [in default] is * * * entitled to know 'with safety’ * * * whether the notice * * * emanates from a person with the requisite authority, for if he acts upon such notice to vacate the premises, he may later be found to have acted at his peril should the landlord prevail in a claim that the notice was unauthorized.” (Siegel v Kentucky Fried Chicken, 108 AD2d, supra, at 222.)
In the case before the Appellate Division a notice to terminate was involved. In the instant case, a demand notice is involved. (See, Siegel v Kentucky Fried Chicken, 108 AD2d 218 [2d Dept 1985], affd 67 NY2d 792 [1986], supra.)
In the Siegel v Kentucky Fried Chicken case mentioned above, the Court articulated the issue before the court as "whether a lawyer’s letter is sufficient to give notice to a tenant of its landlord’s decision to terminate the tenancy”. (Siegel v Kentucky Fried Chicken, 108 AD2d 218, supra.)
In the instant case the key questions seem to be whether under the circumstances the demand notice in question demonstrated clearly and unequivocally that: (1) the notice came directly from the landlord; (2) the notice was authorized by the landlord; (3) the agent or attorney of the landlord sent the notice; (4) the agent or attorney of the landlord showed proof in the notice that the landlord gave it or them authority to send the notice; and (5) the agent or attorney of the landlord by means of the demand notice exhibited that it had authority to bind the landlord by giving such notice.
A careful review by the court of the demand notice provides a negative answer to all of the five aforementioned questions.
V. CONCLUSION OF THE COURT
It is evident to the court that the demand notice before this court failed to provide the respondent with a reasonable, *1016 unambiguous and clear and certain notice regarding who was making the demand for rent, and the degree to which that person or persons had legally binding authority to represent the petitioner by writing a demand notice. Therefore this court finds that the demand notice is defective and the petition must be dismissed.
VI. ORDER OF THE COURT
Accordingly, the respondents’ motion to dismiss is granted and the petition is dismissed.