OPINION OF THE COURT
Per Curiam.
Order entered November 22, 1996 reversed, with $10 costs, *595 and tenant’s motion to dismiss the holdover petition is denied.
The notice of nonrenewal in this nonprimary residence holdover was executed by Anthony D’Amato, husband of the record owner and registered managing agent of the building premises. In such form, the notice was sufficient to serve as a predicate for the eviction proceeding. D’Amato was necessarily known to the tenant, having resided in the small brownstone for the entire period of tenant’s occupancy. We note that there is no lease in the record, and therefore no evidence of any lease provision requiring notice from the landlord personally (cf., Siegel v Kentucky Fried Chicken, 108 AD2d 218, affd 67 NY2d 792). Moreover, we have held that statutory notices given under the Rent Stabilization Code may be signed by the registered agent (3 + 8 Assocs. v Green, NYLJ, June 3, 1992, at 22, col 1 [App Term, 1st Dept]; Pamela Equities Corp. v Fattore, NYLJ, Apr. 20, 1989, at 23, col 2 [App Term, 1st Dept]; see also, Yui Woon Kwong v Sun Po Eng, 183 AD2d 558). D’Amato’s signature as attorney-in-fact does not dictate a contrary result.
Parness, P. J., Freedman and Davis, JJ., concur.