OPINION OF THE COURT
Joel B. Gewanter, J.
Respondent moves, pursuant to CPLR 3211 (a) (7), to dismiss *1004 this holdover, postforeclosure summary proceeding on the sole ground that the 10-day notice to quit is “defective”. No issue has been raised regarding service thereof, which was apparently made in due fashion; however, respondent claims that: (a) she was/is confused by the use of “Fannie Mae” as the name of the petitioner, rather than “Federal National Mortgage Association”; and (b) that the law firm now representing the petitioner and which signed the said notice was/is not known to her, as she had previously been working with a different firm representing petitioner.
The petitioner’s opposition papers argue that cases cited by respondent are not applicable and that certain formalities as to who may sign the notice, etc., do not apply to a postforeclosure holdover under RPAPL 713 (no landlord-tenant relationship). Thus, the issue on this motion is framed.
As to the issue of the use of “Fannie Mae” in the notice and caption, this court notes that the specific words used are “Fannie Mae f/k/a [formerly known as] Federal National Mortgage Association” and, as so designated, such designation is satisfactory to give respondent notice of the entity and change of name. Respondent’s argument in that regard is without merit.
On another issue, this court has been unable to find any precedent directly in point and, accordingly, appears to have a matter of first impression. This pertains to the 10-day notice to quit which is required pursuant to RPAPL 713 in a case where a mortgage has been foreclosed and no landlord-tenant relationship exists. The precise issue raised pertains to jurisdiction when such a 10-day notice is served by counsel.
The court draws an analogy to a series of cases dealing with a three-day notice pursuant to RPAPL 711 (2), where there is a landlord-tenant relationship, as an alternative to a personal demand for rent. In the recent case (Aug. 1997) of Anastasia Realty Co. v Lai (173 Misc 2d 1012, 1015-1016) it was held that the demand notice there was issued by counsel for landlord and: “failed to provide the respondent with a reasonable, unambiguous and clear and certain notice regarding who was making the demand for rent, and the degree to which that person or persons had legally binding authority to represent the petitioner by writing a demand notice.”
The court made specific reference, in Anastasia (supra), to the Court of Appeals holding in the 1877 case of Reeder v Sayre (70 NY 180) which said that a notice when written ought to *1005 contain sufficient information so that one can safely conclude that the document was certainly written by the landlord or someone who had authority to bind the landlord.
The leading case on this issue is Siegel v Kentucky Fried Chicken (108 AD2d 218 [2d Dept 1985], affd 67 NY2d 792) which was also cited in Anastasia (supra). In this case, a Nassau County District Court order of dismissal was upheld “since the attorney giving notice * * * was not named in the lease, and since the notice of termination was not authenticated or accompanied by proof of the latter’s authority to bind the landlord in the giving of such notice” (Siegel v Kentucky Fried Chicken, 108 AD2d, supra, at 223). While there is a dissent therein, the foregoing represents the current status of the law in our Second Department.
In the First Department, the decision in Siegel (supra) has been distinguished in the case of Yui Woon Kwong v Sun Po Eng (183 AD2d 558, 561) referring to Reeder v Sayre (supra). In that case an exception to the rule, in effect, was found where the tenant had been in protracted litigation in which the landlord was represented by the attorney giving notice, so that the tenant was attributed with knowledge of the relationship between the landlord and the particular law firm.
No similar situation exists in the case at bar. Even if one assumes that the current occupant of the premises was a party to the foreclosure proceedings in Supreme Court, in that matter the foreclosing mortgagee was represented by a different firm of attorneys, and a new firm is now handling this District Court proceeding.
This court feels it is quite appropriate to draw the analogy from the three-day notice in RPAPL 711 (2) to the 10-day notice to quit in RPAPL 713. It follows that the same rules would apply to the giving of such notice by counsel.
The notice herein provided by counsel is held to be insufficient and jurisdictionally defective, and this holdover proceeding is hereby dismissed.