OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order is dismissed; and it is further, ordered that the final judgment is affirmed, without costs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the final judgment (see CPLR 5501 [a] [1]).
After the dismissal of an earlier nonpayment proceeding, and prior to commencing the instant nonpayment proceeding, landlord served upon tenant a five-day notice, dated April 2, 2009, which set forth that monthly rent of $556.16 was due for each month from January 2008 through April 2009, plus a December 2007 balance of $150, for a total balance due of $9,047.92. The notice was signed by “Cathy McGovern, agent for QPII-143-45 Sanford Avenue LLC Landlord.” After being served with a notice of petition and petition, tenant moved to dismiss the petition on the ground, among others, that the rent notice was defective because it was signed by someone purporting to be landlord’s agent, whereas the lease requires that the notice be signed by landlord, and there was no accompanying proof of the agent’s authority to act on landlord’s behalf. By or *16 der entered August 27, 2009, the Civil Court (Bruce Kramer, J.) denied the motion. After further motion practice and a nonjury trial, a final judgment was entered awarding landlord possession and the sum of $11,678.52.
In our view, tenant’s motion to dismiss was properly denied. The default provision of tenant’s lease states, in pertinent part:
“16. Tenant’s default A. Landlord must give Tenant written notice of default stating the type of default. The following are defaults and must be cured by Tenant within the time stated:
“(1) Failure to pay rent or added rent on time. 5 days. . . .
“If Tenant fails to cure the default in the time stated . . . , Landlord may cancel the Lease by giving Tenant a cancellation notice. The cancellation notice will state the date the Term will end which may be no less than 10 days after the date of the notice. On the cancellation date in the notice the Term of this Lease shall end. Tenant must leave the Apartment and give Landlord the keys on or before the cancellation date.”
While this provision contemplates that landlord may terminate the lease based on a default in rent, in Shaw v Hunter (NYLJ, Dec. 27, 1990 [App Term, 2d & 11th Jud Dists]), this court held that a substantially similar lease default provision had the effect of entitling the tenants, who had defaulted in rent, to notice and a cure period not only before the lease could be cancelled and a holdover proceeding brought but also before a nonpayment proceeding could be commenced. In view of the foregoing, the lease provision is applicable to the rent notice served herein.
Contrary to tenant’s contention, we find that the notice served by landlord satisfied the lease requirement and was not invalid. In Siegel v Kentucky Fried Chicken of Long Is. (108 AD2d 218 [1985], affd 67 NY2d 792 [1986]), the courts were presented with a lease which contained a provision defining the term “landlord” and which had four printed provisions referring to the “landlord or landlord’s agent,” yet its default provision referred only to “the landlord” serving the required notice. A rider to the lease referred to a named attorney for the landlord but did not authorize him to sign notices of default or termination on landlord’s behalf. Under those particular circumstances, the Appellate Division held that
*17 “a notice of termination signed by an agent or attorney who is not named in the lease as authorized to act for the landlord in such matters, and which is not authenticated or accompanied by proof of the latter’s authority to bind the landlord in the giving of such notice, is legally insufficient to terminate the tenancy” (108 AD2d at 220).
Notably, the Appellate Division highlighted the factual peculiarities of the lease in concluding that
“[accordingly, where, as here, the lease provides that certain of the rights and immunities arising thereunder may be exercised and enjoyed by either the ‘Landlord or Landlord’s agents’, and where it elsewhere designates a named third party, other than [the attorney who served the notice], as the landlord’s attorney, it appears only reasonable that a forfeiture provision calling for cancellation of the lease upon only three days’ written notice emanating specifically from the ‘Landlord’ should be strictly construed against its drawer to require unequivocal notice by either the landlord himself or his authorized agent, accompanied by proof of the latter’s authority to bind the landlord in the giving of such notice” (108 AD2d at 221).
The Appellate Division supported its adoption of this rule with the observation from Reeder v Sayre (70 NY 180, 188 [1877]) “that since ‘[t]he tenant is [required] to act upon [such] notice at the time it is given ... it ought to be such a one as he can act upon with safety’ ” (108 AD2d at 220).
In affirming the Appellate Division in Siegel, the Court of Appeals also highlighted the particular facts of the lease in question, holding that
“[u]nder such a lease notices of default and of termination signed not by the owner or the attorney named in the lease, but by another attorney with whom the tenant had never previously dealt, were insufficient and the tenant was entitled to ignore them as not in compliance with the lease provisions concerning notice” (67 NY2d at 794 [emphasis added]).
Neither the holdings nor the rationale of the Siegel courts is applicable to the instant rent notice. Since the Court of Appeals rested its decision “on such narrow grounds — a contract interpretation based on the factual peculiarities of the particular *18 lease” (Yui Woon Kwong v Sun Po Eng, 183 AD2d 558, 560 [1992, Sullivan, J.E, concurring]), the Court of Appeals’ holding is not applicable here, where the lease does not contain the “factual peculiarities” that were present in Siegel.
Similarly, the Appellate Division’s holding in Siegel, invalidating a “forfeiture” notice “calling for cancellation of the lease upon only three days’ written notice” when issued by an attorney not named in the lease, is also not applicable to the rent notice at issue here. As a predicate to a nonpayment proceeding, the rent notice is not a “forfeiture” notice and does not call for the cancellation of the lease (see generally Semans Family Ltd. Partnership v Kennedy, 177 Misc 2d 345 [1998]). With respect to the Appellate Division’s rationale in Siegel, we note that the rent notice itemized the amounts due and the periods for which it was due, and called upon tenant to pay his rent to landlord or surrender possession. As a tenant may be expected to know whether he has paid his rent, the notice put him in no particular peril in calling upon him to pay the arrears to landlord or move out (cf. Yui Woon Kwong, 183 AD2d 558 [rejecting the notion that Siegel should be applied to statutory rent notices]). Consequently, it is our view that the rent notice was such that tenant could rely upon it with safety in determining whether to pay his rent to landlord or surrender possession, and was not invalidated by the fact that it was signed by an agent on behalf of landlord.
We have examined tenant’s other contentions and find them to be equally without merit.
Accordingly, the final judgment is affirmed.