Rios, J.
(dissenting in part and concurring in part and voting to dismiss the appeal from the order, reverse the final judgment, vacate the order and grant tenant’s motion to dismiss the petition, in the following memorandum). The central issue on appeal in this summary nonpayment proceeding involves the sufficiency of the predicate rent notice. Tenant-appellant objected to the five-day written rent notice, which was executed by a purported agent of landlord, and moved to dismiss the petition. The agent’s name did not appear on the apartment lease, nor was the agent listed with New York City as the registered managing agent of the building (Multiple Dwelling Law § 325), nor was there any indication of any prior contact with tenant to put tenant on notice of said person’s authority to act as the owner’s agent.
Tenant’s apartment lease provided, in relevant part: “Landlord must give Tenant written notice of default stating the type *19 of default.” The lease described the failure to pay rent as an example of a default which must be cured within five days after service of a written notice of default.
The five-day notice demanding rent arrears served on tenant was signed by Cathy McGovern, who identified herself as “agent for QPII-143-45 Sanford Avenue LLC Landlord.” The notice directed tenant to pay the alleged rent arrears or surrender possession.
The Civil Court denied tenant’s motion to dismiss, and the case proceeded to trial. After trial, a final judgment of possession was entered in favor of landlord, and this appeal ensued.
It is well settled that when a tenant is served with a written notice of default, there must be some assurance that the notice is authorized and that any ensuing act he might undertake is not at his peril (Reeder v Sayre, 70 NY 180, 188 [1877]). When a notice of termination of tenancy is signed by an agent or attorney who is a stranger to the landlord-tenant relationship and not authorized in the lease to act for the landlord, proof of the agent’s authority to bind the landlord in the giving of such notice is mandated (Siegel v Kentucky Fried Chicken of Long Is., 108 AD2d 218 [1985], affd 67 NY2d 792 [1986]).
In Siegel, the Appellate Division observed:
“[T]he mere assertion of authority on the face of the notice by a total stranger to the transaction that he is the landlord’s attorney and that he is authorized to act on the latter’s behalf cannot be deemed to provide the tenant with the surety of notice to which he is contractually entitled” (108 AD2d at 221).
In affirming the Appellate Division, the Court of Appeals observed:
“Under such a lease notices of default and of termination signed not by the owner or the attorney named in the lease, but by another attorney with whom the tenant had never previously dealt, were insufficient and the tenant was entitled to ignore them as not in compliance with the lease provisions concerning notice” (67 NY2d at 794).
The majority’s reliance on Yui Woon Kwong v Sun Po Eng (183 AD2d 558 [1992]) for the proposition that Siegel is not to be applied to rent notices is in error. Such a characterization is overly broad as Yui Woon Kwong involved a rent-controlled tenancy, and the court reasoned that, unlike in Siegel, there was no lease *20 provision implicated in the service of a rent demand: “There is no written lease between the parties requiring that the demand be signed by the landlord, as in Siegel v Kentucky Fried Chicken (supra)” (Yui Woon Kwong, 183 AD2d at 560).
Accordingly, I would reverse the final judgment, vacate the order and grant tenant’s motion to dismiss the petition.
Weston, J.E, and Pesce, J., concur; Rios, J., dissents in part and concurs in part in a separate memorandum.