OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In this commercial holdover proceeding, landlords allege that tenant, a restaurant located in Montauk, New York, is in default under the lease as a result of ongoing violations of the East Hampton Town Code. Before filing the petition, landlords’ attorney had sent tenant a written 20-day notice to cure and, subsequently, a notice of termination. After interposing an answer, tenant moved for summary judgment dismissing the petition on the ground, among others, that the notice of termination that had been sent by landlords’ attorney was defective because only landlords or an agent of landlords specified in the lease could terminate the lease, and landlords’ counsel was not identified in the lease. The Justice Court denied tenant’s motion on the ground that the lease provisions did not require landlords to act only personally or through an identified agent either in giving notice of default and an opportunity to cure or in giving notice of termination. We affirm.
In QPII-143-45 Sanford Ave., LLC v Spinner (34 Misc 3d 14 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011], affd 108 AD3d 558 [2013]), an agent for the landlord, who had not previously dealt with the tenant and who was not identified in the lease, signed a notice of rent default without including proof of the agency. The default provision of the lease stated that “Landlord shall give Tenant written notice of default stating the type of default” (108 AD3d at 559). Both the Appellate Term, and the Appellate Division upon affirming the Appellate Term order, held that the lease did not obligate the landlord to act personally or through an identified agent and that the notice satisfied the lease requirement. The courts distinguished the case of Siegel v Kentucky Fried Chicken of Long Is. (108 AD2d 218 [1985], aff'd 67 NY2d 792 [1986]), in which the lease contained a provision defining the term “landlord” and had *58 four printed provisions referring to “landlord or landlord’s agent” but, in the default provision, referred only to “the landlord” serving the required notice. In Siegel, the Appellate Division held that a notice of termination signed by an agent or attorney not named in the lease as authorized to act in such matters was legally insufficient to terminate the lease. The Court of Appeals, after setting forth the above-stated lease provisions, affirmed the Appellate Division, but on the narrow ground that
“[ujnder such a lease notices of default and of termination signed not by the owner or the attorney named in the lease, but by another attorney with whom the tenant had never previously dealt, were insufficient and the tenant was entitled to ignore them as not in compliance with the lease provisions concerning notice” (67 NY2d at 794 [emphasis added]).
The Spinner courts applied the more limited Court of Appeals’ holding and ruled that the language in the lease in Spinner, which did not have multiple lease provisions specifying “the landlord or its agent,” contemplated that an agent of the landlord could be authorized to sign a default notice.
Here, the language in the lease’s default provision is even less restrictive than that in the default paragraph in the Spinner case. It does not restrict who may give notice of default, stating only that “Tenant shall have twenty (20) days after receipt of written notice to cure such default.” Upon tenant’s failure to cure, “Landlord may declare the term of this lease ended and terminated by giving Tenant written notice of such intention.” This language, which closely resembles the default paragraph in Spinner, does not require landlord to act only personally or through an identified agent to terminate the lease but contemplates that an agent of landlord may sign a default notice.
Tenant additionally sought to distinguish Spinner on the ground that it was a nonpayment proceeding, while the instant proceeding is a holdover. This argument is unavailing, as Spinner addresses notice requirements in the context of eviction proceedings generally (see PS Food Corp. v Granville Payne Retail, LLC, 45 Misc 3d 1216[A], 2014 NY Slip Op 51601[U] [Civ Ct, Kings County 2014]).
Accordingly, the order, insofar as appealed from, is affirmed.
Maraño, P.J., Garguilo and Brands, JJ., concur.